# UNITED STATES DISTRICT COURT

# DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

                              Case No. **1:21-cr-00740-MV**

-vs-

**EDWARD AUGUSTINE MERAYO,**

      **Defendant.**

## ORDER DENYING MOTION FOR FURLOUGH

**THIS MATTER** is before the Court on defendant Edward Augustine Merayo's Amended Opposed Motion for Furlough to Visit Ill Father, filed on October 1, 2021. Doc. 22. Mr. Merayo is seeking release from custody for 48 hours beginning as soon as possible to visit his father, who is hospitalized. *See id.* The United States opposes the motion. *Id.* at 3. U.S. Pretrial Services has not yet provided a position on the motion. *Id.* The Court denies Mr. Merayo's motion for the following reasons.

Mr. Merayo seeks temporary release from custody under 18 U.S.C. § 3142(i) because his father is ill, and Mr. Merayo is concerned that his father may not survive his current condition. Under § 3142(i), a judicial officer who ordered a defendant detained may subsequently "permit the temporary release of the person, in the custody of a United States marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason." 18 U.S.C. § 3142(i).

Mr. Merayo argues that "[t]emporary release to visit his father, who is in ill health, and hospitalized[,] is a compelling reason." Doc. 22 at 2.

First, although the Court is sympathetic to Mr. Merayo's plight, it has been unable to find any case in which a Court has found that visiting an ailing or dying parent is a "compelling reason" to temporarily release someone on 18 U.S.C. § 3142(i), and Mr. Merayo has not cited any such case. The reality is that many defendants experience losses while in custody just as they would while out of custody, but it is not obvious that § 3142(i) is meant to provide a mechanism for defendants to visit ailing relatives. Courts typically have granted relief under § 3142(i) only "sparingly to permit a defendant's release where, for example, he is suffering from a terminal illness or serious injuries." *United States v. Hamilton*, No. 19-CR-54-01, 2020 WL 1323036, at *2 (E.D.N.Y. Mar. 20, 2020). Recently, most cases that examine § 3142(i) have been in relation to the Covid-19 pandemic, and most courts have found that the pandemic and a particular defendant's increased risks if he or she became infected do not constitute a compelling reason for temporary release. *See, e.g.*, *United States v. Clark*, 448 F. Supp. 3d 1152, 1154–62 (D. Kan. Mar. 25, 2020); *United States v. Arvizo*, 2020 WL 6384242, *4–*5 (D.N.M. Oct. 30, 2020).

Second, Mr. Merayo bears the burden of proof in showing that his temporary release is "necessary . . . for another compelling reason." *See Clark*, 448 F. Supp. 3d 1152, 1155; *United States v. Reese*, 2012 WL 13080791, *2 (D.N.M. Apr. 2, 2012). And the Court still must consider whether Mr. Merayo poses either a risk of flight or a danger to the community if released, even if only for 48 hours. *See Clark*, 448 F. Supp. 3d at 1157–58; *Reese*, 2012 WL 13080791, at *2. Here, Mr. Merayo proposes that he be released to the third-party custody of an apparent friend, and he promises he won't consume any alcohol or drugs and will abide by any

other imposed conditions. Mr. Merayo's motion, however, does not address the serious risks of flight and danger that the Court noted at the detention hearing and in its detention order. Mr. Merayo's criminal history dates back to 1996: he's been convicted of possession of a dangerous drug, possession of drug paraphernalia; second degree burglary, battery against a household member, being a felon in possession of a firearm, aggravated battery, false imprisonment, aggravated assault, possession of a controlled substance, and embezzlement of a motor vehicle. Doc. 11 at 5–10. He has failed to appear for court proceedings at least four times. *See id.* at 8–10. He has violated conditions of supervision approximately six times. *See id.* at 5–10. He is charged with an offense that carries a minimum mandatory sentence of five years, and a presumption that he should be detained. *See* Doc. 2. He was arrested in connection with this case when police officers tried to stop him for speeding on his motorcycle. *See* Doc. 15 at 3. He led the officers on a high-speed chase, crashed his motorcycle, then fled on foot. *Id.* When he was apprehended, the methamphetamine identified in the indictment was found on his person. *Id.* Mr. Merayo has not met his burden of showing that his temporary release is necessary, nor has he shown that conditions could be imposed that would both assure his return to custody and that he is not a danger to the community while on release.

**IT IS THEREFORE ORDERED** that defendant Edward Augustine Merayo's Amended Opposed Motion for Furlough to Visit Ill Father (Doc. 22) is DENIED.

DATED this 1st day of October 2021

_____
Laura Fashing
United States Magistrate Judge