UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

          Plaintiff,

                                                  Case No. **1:21-cr-00740-MV**

-vs-

EDWARD AUGUSTINE MERAYO,

          Defendant.

## ORDER DENYING OPPOSED MOTION FOR FURLOUGH TO ATTEND GRANDMOTHER'S FUNERAL

**THIS MATTER** is before the Court on defendant Edward Augustine Merayo's Opposed Motion for Furlough to Attend Grandmother's Funeral, filed on December 29, 2021. Doc. 33. Mr. Merayo is seeking release from custody for 36 hours beginning tomorrow morning at 8:00 am to attend his grandmother's funeral. *See id.* The U.S. Probation Office opposes Mr. Merayo's request. *Id.* at 3. The United States defers to the Probation Office's position. *Id.* The Court denies Mr. Merayo's motion for the following reasons.

Mr. Merayo seeks temporary release from custody under 18 U.S.C. § 3142(i) because his grandmother died on December 18, 2021, and her funeral is tomorrow. *See id.* at 2; Doc. 33-1. Under § 3142(i), a judicial officer who ordered a defendant detained may subsequently "permit the temporary release of the person, in the custody of a United States marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason." 18 U.S.C. § 3142(i). Mr. Merayo argues that "the death of his grandmother is a compelling reason," and that "[t]his

will be his only opportunity to be with his family and say goodbye to his Grandmother." Doc. 33 at 2.

First, although the Court is sympathetic to Mr. Merayo's plight, it has been unable to find any case in which a Court has found that attending a funeral is a "compelling reason" to temporarily release someone on 18 U.S.C. § 3142(i), and Mr. Merayo has not cited any such case. *See* Doc. 33. The reality is that many defendants experience losses while in custody just as they would while out of custody, but it is not obvious that § 3142(i) is meant to provide a mechanism for defendants to attend funerals. Courts typically have granted relief under § 3142(i) only "sparingly to permit a defendant's release where, for example, he is suffering from a terminal illness or serious injuries." *United States v. Hamilton*, No. 19-CR-54-01, 2020 WL 1323036, at *2 (E.D.N.Y. Mar. 20, 2020). Recently, most cases that examine § 3142(i) have been in relation to the Covid-19 pandemic, and most courts have found that the pandemic and a particular defendant's increased risks if he or she became infected do not constitute a compelling reason for temporary release. *See, e.g.*, *United States v. Clark*, 448 F. Supp. 3d 1152, 1154–62 (D. Kan. Mar. 25, 2020); *United States v. Arvizo*, 2020 WL 6384242, *4–*5 (D.N.M. Oct. 30, 2020).

Second, Mr. Merayo bears the burden of proof in showing that his temporary release is "necessary . . . for another compelling reason." *See Clark*, 448 F. Supp. 3d 1152, 1155; *United States v. Reese*, 2012 WL 13080791, *2 (D.N.M. Apr. 2, 2012). And the Court still must consider whether Mr. Merayo poses either a risk of flight or a danger to the community if released, even if only for 36 hours. *See Clark*, 448 F. Supp. 3d at 1157–58; *Reese*, 2012 WL 13080791, at *2. Here, Mr. Merayo proposes that he be released to a cousin, who will take him to the funeral, but that another individual will act as a third-party custodian and ensure his

prompt return to the Torrance County Detention Center.  Doc. 33 at 2.  Pretrial Services, of course, does not have time to vet either of these two individuals given the timing of the motion and the funeral.  Mr. Merayo further promises he won't consume any alcohol or drugs and will abide by any other imposed conditions, and that any risk of flight "can be further addressed with location monitoring." *Id.*  Mr. Merayo's motion, however, does not address the serious risks of flight and danger that the Court noted at the detention hearing and in its detention order, and which are further explored in the presentence report.  Mr. Merayo's criminal history dates back to 1996:  he's been convicted of possession of a dangerous drug, possession of drug paraphernalia; second degree burglary, battery against a household member, being a felon in possession of a firearm, aggravated battery, false imprisonment, aggravated assault, possession of a controlled substance, and embezzlement of a motor vehicle.  Doc. 11 at 5–10; *see also* Doc. 31 ¶¶ 30–55 (outlining Mr. Merayo's criminal history and determining that his criminal history category is V).  He has failed to appear for court proceedings at least four times.  *See* Doc. 11 at 8–10.  He has violated conditions of supervision approximately six times.  *See id.* at 5–10.  He now has pled guilty to an information, which requires that he be detained absent extraordinary circumstances.  *See* Doc. 30; 18 U.S.C. § 3143(a)(2).

Mr. Merayo was arrested in connection with this case when police officers tried to stop him for speeding on his motorcycle.  *See* Doc. 15 at 3; Doc. 31 ¶¶ 11–13.  He led the officers on a high-speed chase, crashed his motorcycle, then fled on foot.  *Id.*  When he was apprehended, the methamphetamine identified in the indictment was found on his person.  *Id.*  Although Mr. Merayo argues that he would not jeopardize his plea agreement by violating any conditions of release the Court might impose, Doc. 33 at 2–3, returning Mr. Merayo to the community in which he committed this offense under emotionally charged circumstances seems like setting

Mr. Merayo up for failure.  Mr. Merayo has not met his burden of showing that his temporary release is necessary, nor has he shown that conditions could be imposed that would both assure his return to custody and that he would not be a danger to the community while on release.

**IT IS THEREFORE ORDERED** that defendant Edward Augustine Merayo's Opposed Motion for Furlough to Attend Grandmother's Funeral (Doc. 33) is DENIED.

DATED this 29th day of December 2021

_____
Laura Fashing
United States Magistrate Judge